UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRISE RAINGE,

    Petitioner,                    CASE No. 19-cv-11234

        v.                     UNITED STATES DISTRICT COURT JUDGE
                                       GERSHWIN A. DRAIN

ROBERT VASHAW,

    Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS

### I. INTRODUCTION

On April 29, 2019, Petitioner Demetrise Rainge filed this *pro se* petition for the writ of habeas pursuant to 28 U.S.C. § 2254. ECF No. 1, PageID.1. Petitioner was convicted of second-degree murder, Mich. Comp. Laws § 750.317, assault with intent to do great bodily harm, Mich. Comp. Laws § 750.84, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, following a jury trial in the Wayne County Circuit Court in 2015. *Id.* at PageID.16. The trial court sentenced Petitioner to a term of imprisonment ranging from 30 to 60 years on the murder conviction, a concurrent term of six and a half to ten years imprisonment on the assault conviction, and a consecutive term of two years

1

imprisonment on the felony firearm conviction.  *Id.*  Petitioner raises claims concerning the validity of his sentences and the effectiveness of trial counsel.  *Id.* at PageID.9–10.  For the reasons set forth herein, the Court denies the habeas petition. The Court also denies a certificate of appealability, but grants Petitioner leave to proceed *in forma pauperis* on appeal.

## II. Background

Petitioner's convictions arise from the shooting of two men, one fatally, following a verbal altercation between his girlfriend, Tapree Jones, and one Lamarco Lewis, in a Detroit apartment complex in March 2015.  Ms. Jones was among a group of women who were angry at Mr. Lewis.  ECF No. 9-9, PageID.527–30, 569–70.  After an argument broke out between the women and Lewis, he and his brother, Jovawn Steeple, left the apartment.  *Id.* at PageID.489–91.  The brothers returned after receiving several phone calls from the women, where the brothers encountered the women, Petitioner, and another man outside the building.  *Id.* at PageID.497–98. Petitioner started shooting as the two groups approached each other.  *Id.* at PageID.635.  Mr. Steeple was shot in his leg.  *Id.* at PageID.504.  Mr. Lewis was struck in the head and died as a result. *Id.* at PageID.598.  Petitioner fled the scene and hid the gun in a field. ECF No. 9-10, PageID.710.  During a police interrogation,

Petitioner initially denied that Ms. Jones was his girlfriend. ECF No. 9-10, PageID.714.  At trial, Petitioner admitted that he was the shooter, but he claimed that he acted out of fear that one of the women—Jones's mother—would be seriously injured or killed.  *Id.* at PageID.707–08, 713.  When asked why he fired the gun, Petitioner answered, "Everything happened so fast that I didn't think."  *Id.* at PageID.714.

Following his convictions and sentencing, Petitioner filed an appeal of right and a motion to remand with the Michigan Court of Appeals.  Petitioner asserted that Offense Variable 5 ("OV 5") was improperly scored, that trial counsel was ineffective for failing to object to the scoring, and that the judgment of sentence should be corrected to reflect that only the felony firearm sentence is consecutive. The Michigan Court of Appeals granted the motion to remand and remanded the case to the trial court. *People v. Rainge*, No. 330127 (Mich. Ct. App. Oct. 12, 2016), ECF No. 9-16, PageID.927.  On remand, the trial court granted the motion for re-sentencing. ECF No. 9-13, PageID.842.  At re-sentencing, the trial court determined that OV 5 should be scored at 0 points but added 1 point to the scoring for OV 12 and 10 points to the scoring for OV 19.  Petitioner's guideline range nonetheless

remained the same and the trial court imposed the same sentences.  ECF No. 9-14, PageID.855–56, 858, 860–61, 867.

Petitioner filed supplemental briefs on appeal before the Michigan Court of Appeals, asserting that OV 6 was improperly scored, that trial counsel was ineffective for failing to request jury instructions on voluntary manslaughter and reckless discharge of a firearm causing death, and that OV 19 was improperly scored (on remand).  The Michigan Court of Appeals denied relief on Petitioner's claims and affirmed his convictions and sentences.  *People v. Rainge*, No. 330127, 2017 Mich. App. LEXIS 1437 (Mich. Ct. App. Sept. 14, 2017).  Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which it denied in a standard order.  *People v. Rainge*, 501 Mich. 1061, 910 N.W.2d 276 (2018).  Petitioner thereafter filed his federal habeas petition.  He raises the following claims as grounds for relief:

> I.    He was denied his state and federal constitutional rights to due process of law where he is entitled to re-sentencing because no evidence supported the scoring of OV 5. The mis-scoring of this variable led to him being sentenced based on an incorrect sentencing range. Trial counsel was ineffective for failing to object to the scoring of this variable.
>
> II.   He was denied his state and federal constitutional rights to due process of law and a fair trial guaranteed him through the Fifth and Fourteenth Amendments where the judgment of sentence must be

4

amended to indicate that only the felony firearm sentence is consecutive.

III.    He was denied his state and federal constitutional rights to due process of law and a fair trial guaranteed him through the Fifth and Fourteenth Amendments where OV 6 was improperly scored at 25 points without any factual basis or ruling from the jury when it should have been scored at 10 points based on the facts and [his] testimony.

IV.    He was denied his state and federal constitutional rights to due process of law and the effective assistance of counsel guaranteed him through the Fifth, Fourteenth, and Sixth Amendments where trial counsel was ineffective for not requesting a proper jury instruction of manslaughter or reckless discharge of a firearm causing death when the facts of the case clearly called for these instructions.

*See* ECF No. 1.  Respondent filed an answer to the habeas petition seeking its denial.

*See* ECF No. 7.

### III.  LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review for federal courts adjudicating state prisoner habeas petitions.  The AEDPA provides in relevant part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'"  *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.   The state court's application must have been 'objectively

unreasonable.'" *Wiggins*, 539 U.S. at 520–21 (citations omitted); *see also Williams*, 529 U.S. at 409.  "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'"  *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n.7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).  A habeas court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.  *Id.*  Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id.*; *see also White v. Woodall*, 572 U.S. 415, 419–20 (2014).  Federal judges "are required to afford state

courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015). A habeas petitioner cannot prevail so long as it is within the "realm of possibility" that fairminded jurists could find the state court decision reasonable. *Woods v. Etherton*, 576 U.S. 113, 118 (2016).

Section 2254(d)(1) limits a federal court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court rendered its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125–26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71–72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100.

The requirements of "clearly established law" are determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,'" and "[i]t therefore cannot form the basis for habeas relief under AEDPA." *Parker v. Matthews*, 567

U.S. 37, 48–49 (2012) (per curiam); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam).   However, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's decision. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review.   28 U.S.C. § 2254(e)(1).   A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998).   Habeas review is also "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV.  DISCUSSION

### A. OV 5 Scoring

Petitioner first argues he is entitled to habeas relief because OV 5 was improperly scored at 15 points rather than 0 points and that trial counsel was ineffective for failing to object at sentencing.   Respondent contends that this claim is moot and not cognizable.

The Michigan Court of Appeals considered this claim on direct appeal and denied relief.   The court determined that the claim was moot because the trial court conducted a re-sentencing hearing on remand and amended the scoring of OV 5 from

15 points to 0 points as Petitioner requested.  *Rainge*, 2017 Mich. App. LEXIS 1437, at *1.

The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011).  This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  If an event occurs after the filing of a lawsuit that deprives a court of the ability to provide meaningful relief, the case may become moot and subject to dismissal.  *Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004).  Similarly, a claim may become moot when the controversy between the parties is no longer alive because the party seeking relief has obtained the relief requested.  *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988); *Thomas Sysco Food Svs. v. Martin*, 983 F.2d 60, 62 (6th Cir. 1993).

Here, the trial court's re-scoring of OV 5 and re-sentencing of Petitioner renders this claim moot because Petitioner already obtained his requested relief.  There is no additional relief that this Court can afford on federal habeas review.  *See Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009); *Ailor v. City of Maynardville*,

368 F.3d 587, 596 (6th Cir. 2004) (discussing how subsequent events that deprive a court of its ability to provide meaningful relief moot the case and make it subject to dismissal); *accord Johnson v. Riveland*, 855 F.2d 1477, 1479–80 (10th Cir. 1998). Habeas relief is not warranted on this claim.

### B. Consecutive Sentences

Petitioner next asserts that he is entitled to habeas relief because the judgment of sentence should be amended to reflect that only his felony firearm sentence is consecutive.  Respondent contends that this claim is unexhausted, procedurally defaulted, not cognizable, and without merit.

The Michigan Court of Appeals considered this claim on direct appeal on plain error review and denied relief.  The court found that while both the original and amended judgments of sentence indicated that the sentences are to be served consecutively to each other, they also contained language clarifying that the second-degree murder and assault sentences are concurrent with each other and consecutive to the felony firearm sentence.  *Rainge*, 2017 Mich. App. LEXIS 1437, at *3–*4.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  A sentence imposed within the statutory limits is generally not subject to federal habeas review.  *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D.

Mich. 1999). Claims that arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeds the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

Here, the record indicates that the trial court originally sentenced Petitioner to concurrent terms of 30 to 60 years imprisonment on his second-degree murder conviction and six and a half to 10 years imprisonment on his assault with intent to do great bodily harm conviction and a consecutive term of two years imprisonment on his felony firearm conviction. ECF No. 9-12, PageID.833. The trial court imposed the same sentences at the re-sentencing hearing on remand. ECF No. 9-14, PageID.867. Moreover, the amended judgment of sentence (which is the only operative one) clearly states: "Ct 3 to be served preceding and consecutive to Cts 1 & 2, which are to be served concurrently." ECF No. 9-16, PageID.914. Felony firearm is Count 3 and second-degree murder and assault with intent to do great bodily harm are Counts 1 and 2. *Id.* Petitioner's claim is thus belied by the record. His amended judgment of sentence accurately reflects his current sentences. He fails to establish a violation of his constitutional rights. Habeas relief is accordingly not warranted on this claim either.

### C. OV 6 Scoring Claim

Petitioner also asserts that he is entitled to habeas relief because OV 6, Mich. Comp. Laws § 777.36(1) (intent to kill or injure), was improperly scored at 25 points rather than 10 points.  Respondent contends that this claim is waived, procedurally defaulted, not cognizable, and without merit.

The Michigan Court of Appeals considered this claim on direct appeal on plain error review and denied relief.  The court determined that defense counsel acquiesced in the scoring of OV 6, and that OV 6 was nonetheless properly scored at 25 points based upon Petitioner's conviction for second-degree murder and his use of a gun to commit the crime. *Rainge*, 2017 Mich. App. LEXIS 1437, at *5–*8.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  As discussed, a sentence imposed within the statutory limits is generally not subject to federal habeas review. *Townsend*, 334 U.S. at 741; *Cook*, 56 F. Supp. 2d at 797.  Claims that arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Lucey*, 185 F. Supp. 2d at 745. Petitioner's sentences are within the statutory maximums for his offenses. *See* Mich. Comp. Laws §§ 750.317, 750.84, 750.227b.  Consequently, his sentences are insulated from habeas review absent a federal constitutional violation.

To the extent that Petitioner contests the trial court's scoring of OV 6 under state law, he is not entitled to relief.   A claim challenging the scoring of the sentencing guidelines' offense variables is not cognizable on federal habeas review because it is a state law claim. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *see also Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006).   Alleged errors in scoring the offense variables and determining the sentencing guideline range do not warrant federal habeas relief.   State courts are the final arbiters of state law and federal courts will not intervene in such matters.   *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law.   *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

A sentence may violate federal due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation that the

defendant had no opportunity to correct. *See Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972) (citing *Townsend*); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner makes no such showing. He had a sentencing hearing and re-sentencing hearing before the trial court with an opportunity to contest the sentencing decision. Petitioner fails to establish that the state court relied upon materially false or inaccurate information in imposing his sentences which he had no opportunity to correct. Habeas relief is not warranted on this claim.

### D. Ineffective Assistance of Counsel Claims

Next, Petitioner asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to request jury instructions on voluntary manslaughter and reckless discharge of a firearm causing death, for failing to investigate the type of firearm used and call an expert witness on firearms, and for failing to negotiate and obtain a better plea offer. Respondent contends that these claims are waived, procedurally, defaulted, and without merit.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel.  In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel.  First, a petitioner must prove that counsel's performance was deficient.  This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, a petitioner must establish that counsel's deficient performance prejudiced the defense.  *Id.*  Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal.  *Id*.

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance."  *Id*. at 690.  The reviewing court's scrutiny of counsel's performance is highly deferential.  *Id*. at 689. There is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.  The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  A reasonable probability is one that is

sufficient to undermine confidence in the outcome of the proceeding.  *Id*.  "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The Supreme Court has suggested that federal courts' consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performances.  "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so."  *Harrington*, 562 U.S. at 105 (citations omitted).  "When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."  *Id*.

Petitioner first asserts that trial counsel was ineffective for failing to request jury instructions on voluntary manslaughter and reckless discharge of a firearm causing death as lesser included offenses.  The Michigan Court of Appeals considered this claim on direct appeal and denied relief.  The court determined that a rational view of the evidence at trial did not support an instruction on the necessarily lesser included offense of voluntary manslaughter, that trial counsel had

a reasonable trial strategy to seek an outright acquittal by claiming that Petitioner acted in the lawful defense of others—which was inconsistent with a voluntary manslaughter instruction—and that state law did not allow an instruction on the cognate lesser offense of reckless discharge of a firearm causing death. *Rainge*, 2017 Mich. App. LEXIS 1437, at *8–*14.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable determination of federal law or the facts. First, trial counsel may have reasonably decided not to request the jury instructions Petitioner sought because they were inconsistent with the defense presented. Counsel's strategy was reasonable given the evidence at trial. *See Kelly v. Lazaroff*, 846 F.3d 819, 830 (6th Cir. 2017) (pursuit of an "all or nothing" strategy is reasonable where there is sufficient evidence in the record to support the chance of acquittal); *Tinsley v. Million*, 399 F.3d 796, 808 (6th Cir. 2005) (counsel's decision to not request a jury instruction on lesser included offense of manslaughter was sound trial strategy where defendant's primary line of defense was that he did not shoot the victim); *Scott v. Elo*, 302 F.3d 598 (6th Cir. 2002) (counsel's failure to request an involuntary manslaughter instruction was not deficient where the evidence did not support a finding of involuntary manslaughter and counsel made a strategic decision to advance other defense theories). The fact that counsel's strategy was ultimately unsuccessful does not mean that counsel was ineffective. *See Moss v. Hofbauer*,

286 F.3d 851, 859 (6th Cir. 2002) ("an ineffective assistance of counsel claim cannot survive so long as the decisions of a defendant's trial counsel were reasonable, even if mistaken").

Second, trial counsel may have also decided not to request the voluntary manslaughter and reckless discharge of a firearm causing death instructions because they were not supported by the evidence and state law. *See, e.g.*, *Goodwin v. Johnson*, 632 Fl3d 301, 317 (6th Cir. 2011) (counsel cannot be ineffective for failing to seek a jury instruction on a lesser offense that it not warranted by the evidence). To be sure, given the Michigan Court of Appeals' determination that the underlying jury instruction issues lack merit, Petitioner cannot establish that trial counsel erred or that counsel's conduct prejudiced him.   Trial counsel cannot be deemed ineffective for failing to make a futile or meritless argument. *See Tackett v. Trierweiler*, 956 F.3d 358, 375 (6th Cir. 2020); *Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010).  Habeas relief is therefore not warranted on this claim.

Petitioner also asserts that trial counsel was ineffective for failing to investigate the type of firearm used and call an expert witness.  The Michigan Court of Appeals considered this claim on direct appeal and denied relief.  The court determined that the claim was waived for appellate review and that Petitioner failed to establish a factual predicate for this claim because the gun was never found and he offered no evidence about counsel's investigation or potential testimony from a

firearm expert to support his allegations. *Rainge*, 2017 Mich. App. LEXIS 1437, at *14–*17.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable determination of federal law or the facts. Petitioner fails to support this claim with any evidence concerning the type of firearm used, the extent of counsel's investigation into the matter, or an affidavit from an expert witness who would have testified favorably for the defense. Conclusory allegations, without evidentiary support, are insufficient to justify habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39–40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for an evidentiary hearing on habeas review). Habeas relief is not warranted on this claim.

Finally, Petitioner asserts that trial counsel was ineffective for failing to negotiate and obtain a better plea offer. The Michigan Court of Appeals considered this claim on direct appeal and denied relief. The court determined that the claim was waived for appellate review and that Petitioner failed to establish a factual predicate for this claim because the prosecutor made two plea offers which Petitioner rejected in open court and there was no evidence that trial counsel failed to make an

effort to negotiate a reasonable plea agreement.  *Rainge*, 2017 Mich. App. LEXIS 1437, at *17.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable determination of federal law or the facts.  Petitioner fails to support this claim with any evidence concerning trial counsel's negotiation efforts and the prosecutor's willingness to offer a more favorable plea deal—and the record reflects that Petitioner rejected two plea offers prior to trial.  As discussed, conclusory allegations, without evidentiary support, are insufficient to justify habeas relief.  *See Cross*, 238 F. App'x at 39–40; *Workman*, 178 F.3d at 771; *see also Washington*, 455 F.3d at 733.  Habeas relief is not warranted on this claim.

## V. CONCLUSION

The Court concludes that Petitioner is not entitled to federal habeas relief on his claims.  Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner can appeal the Court's decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates

that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* Petitioner makes no such showing. Accordingly, the Court **DENIES** a certificate of appealability.

The Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). The Court therefore **DENIES** leave to proceed *in forma pauperis* on appeal. This case is closed.

**IT IS SO ORDERED**.

Dated:  September 13, 2022                              /s/ Gershwin A. Drain
                                                       GERSHWIN A. DRAIN
                                                       U.S. DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 13, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

!